IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GUILLERMINA RUBIO, Individually and on Behalf of the Estate of Lorenzo Rubio, Sr., Deceased; LORENZO RUBIO, JR., LILLIANA RUBIO and ELIZABETH RUBIO, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO.:  3:21-cv-00304 |
| THE TORO COMPANY d/b/a TORO MANUFACTURING CORPORATION, OLP HASKINS EL PASO TX, LLC and TOYOTA INDUSTRIES CORPORATION a/k/a and d/b/a THE RAYMOND CORPORATION, | § § § § § § § | |
| Defendants. | § | |

## DEFENDANT THE TORO COMPANY'S NOTICE OF REMOVAL

Defendant The Toro Company, incorrectly named herein as The Toro Company d/b/a Toro Manufacturing Corporation ("Defendant" or "Toro"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as follows:

## I.      STATEMENT OF THE CASE

1.      On November 5, 2021, Plaintiffs Guillermina Rubio, Individually and on Behalf of the Estate of Lorenzo Rubio, Sr., Deceased, Lorenzo Rubio, Jr., Lilliana Rubio and Elizabeth Rubio ("Plaintiffs") initiated this wrongful death lawsuit by filing Plaintiffs' Original Petition (the "Petition") in the 120th District Court of El Paso County, Texas, Cause No. 2021DCV3930, styled *Guillermina Rubio, Individually and on Behalf of the Estate of Lorenzo Rubio, Sr., Deceased, Lorenzo Rubio, Jr., Lilliana Rubio and Elizabeth Rubio v. The Toro Company d/b/a*

*Toro Manufacturing Corporation, OLP Haskins El Paso TX, LLC and Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation* (the "State Court Action").

2.     According to the Petition, Plaintiffs' claims arise out of the death of Lorenzo Rubio, Sr. on November 12, 2019, while Lorenzo Rubio, Sr. was employed by Toro as a forklift operator at Toro's El Paso, Texas location.  Plaintiffs assert that defendant OLP Haskins El Paso TX LLC ("OLP Haskins") was the owner of the location where the accident occurred and that defendant Toyota Industries Corporation d/b/a and a/k/a The Raymond Corporation ("TICO") manufactured the forklift that Lorenzo Rubio, Sr. was operating.  Plaintiffs allege that Lorenzo Rubio, Sr. died after becoming pinned between the forklift he was operating and a storage rack placed by Toro.  Exhibit A-1, Pet., Part III.

3.     Plaintiffs assert claims of negligence (including gross negligence) and premises liability against Toro.  Exhibit A-1, Pet., Part IV.

4.     Plaintiffs assert claims of negligence, strict liability for manufacturing defect, strict liability for design defect, strict liability for marketing defect, breach of express warranty and breach of implied warranty against TICO.  Exhibit A-1, Pet., Part V.

5.     Plaintiffs assert a single claim of premises liability against OLP Haskins, but fail to specifically identify the alleged "dangerous or defective condition or dangerous or negligent activity on the premises" upon which they base this claim.  Exhibit A-1, Pet., Part VI.

6.     Plaintiffs seek punitive damages and "monetary relief over $1,000,000.00." Exhibit A-1, Pet., Part IX.

7.     A jury demand was made by Plaintiffs in the State Court Action.  Exhibit A-1, Pet., Part X.

8.      Toro filed its Original Answer in the State Court Action on December 6, 2021. Exhibit A-4.

9.      Upon information and belief, TICO has not been served with process as of the date of this filing.  Further, Plaintiffs have filed no proof of service on TICO in the State Court Action as of the time of this filing.

10.      OLP Haskins was served with process on or about November 19, 2021, but has not yet filed an answer in the State Court Action.  Plaintiffs have filed no proof of service on OLP Haskins as of the time of this filing.

## II.      GROUNDS FOR REMOVAL

### A.      Diversity of Citizenship Exists Between the Plaintiffs and the Properly Joined Defendants.

11.      Pursuant to the Petition, the citizenship of the Plaintiffs at the time the State Court Action was filed and at the time of removal is as follows:

a.      Plaintiff Guillermina Rubio, individually and on behalf of the Estate of Lorenzo Rubio, Sr., is a citizen of El Paso County, Texas;[1]

b.      Plaintiff Lorenzo Rubio, Jr. is a citizen of Cook County, Illinois;

c.      Plaintiff Lilliana Rubio is a citizen of Travis County, Texas; and

d.      Plaintiff Elizabeth Rubio is a citizen of Rockland County, New York.

12.      At all times since the State Court Action was filed, Toro is and has been a citizen of Delaware and Minnesota because it is incorporated under the laws of the State of Delaware and its principal place of business is in Bloomington, Minnesota.  *See* 28 U.S.C. § 1332(c)(1).

---

[1]      The decedent, Lorenzo Rubio, Sr., was and is, for jurisdictional purposes, a citizen of El Paso County, Texas.  Accordingly, the legal representative of his estate is also deemed to be a citizen of El Paso County, Texas under 28 U.S.C. § 1332(c)(2).

13.     At all times since the State Court Action was filed, TICO is and has been a citizen of Japan because it is incorporated under the laws of Japan and its principal place of business is located at 2-1, Toyoda-cho, Kariya-shi, Aichi 448-8671 Japan.  *See* 28 U.S.C. § 1332(c)(1).

**B.      Defendant OLP Haskins El Paso TX LLC is Improperly Joined.**

14.     At all times since the State Court Action was filed, improperly joined defendant OLP Haskins is and has been a Texas limited liability company with its principal place of business in Great Neck, New York.  However, the citizenship of a limited liability company is determined by the citizenship of each member of the entity, not by the state where the entity was organized. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of an LLC is determined by the citizenship of all of its members."). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); a*ccord Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, No. SA-11-CV-00121-XR, 2021 WL 2930093, at *1 (W.D. Tex. Feb. 25, 2021) ("The citizenship of an LLC depends on the citizenship of all its members. . . . If the members or partners are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be.").

15.     Accordingly, OLP Haskins is a citizen of Maryland and New York because, at all times since the State Court Action was filed, its sole member was and is One Liberty Properties,

Inc.  One Liberty Properties, Inc. was and is incorporated under the laws of the State of Maryland and its principal place of business is in Great Neck, New York.  *See* 28 U.S.C. § 1332(c)(1). Although OLP Haskins would be non-diverse from plaintiff Elizabeth Rubio because both are New York citizens, OLP Haskins' citizenship must be disregarded because Plaintiffs improperly joined OLP Haskins in an attempt to defeat this Court's subject matter jurisdiction based on diversity of citizenship.  *See Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

### (1)    Improper Joinder Standards

16.    The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists.  *Johnson*, 227 F.3d at 240.  "A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse."  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).  Under the latter method applicable here, the test for improper joinder is whether "there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant."  *Int'l Energy Ventures*, 818 F.3d at 200; *Smallwood,* 385 F.3d at 573.

17.    In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed

facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood,* 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to post-removal filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 2003) (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995).

18.     In *International Energy Ventures*, the Fifth Circuit addressed whether state or federal pleading standards apply to the issue of improper joinder and held that a federal court must apply the federal pleading standard.  *Int'l Energy Ventures*, 818 F.3d at 208.  The federal pleading standard requires a plaintiff's pleadings to contain sufficient facts to state a claim for relief that is plausible on its face, providing more than mere possibility of recovery.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  Moreover, the pleadings must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### (2)     Plaintiffs Have No Possibility of Recovery Against OLP Haskins

19.     Applying the above standards, Plaintiffs have no possibility of recovery against OLP Haskins for at least three reasons.  First, Plaintiffs' premises liability claim against OLP Haskins fails under the *Twombly/Iqbal* plausibility standard because they have plead only labels, conclusions and a recitation of the elements of a premises liability cause of action.  In their

Petition, Plaintiffs assert that Lorenzo Rubio, Sr. was an employee and "invitee of Toro on Toro's premises." Exhibit A-1, Pet., Part IV. The elements of a premises liability cause of action by an invitee are (a) the plaintiff (or, here, the plaintiff's decedent) was an invitee, (b) the defendant was a possessor of the premises, (c) a condition on the premises posed an unreasonable risk of harm, (d) the defendant knew or should have known of the danger, (e) the defendant breached its duty of ordinary care by (i) failing to adequately warn the plaintiff (or plaintiff's decedent) of the condition, or (ii) failing to make the condition reasonably safe, and (f) the defendant's breach proximately caused the plaintiff's injury. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015); *Del Lago Partners v. Smith*, 3078 S.W.3d 762, 767 (Tex. 2010).

20.     An invitee is a person who enters the possessor's premises in response to an express or implied invitation by the possessor and for the benefit of both parties. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). In their Petition, Plaintiffs fail to allege any facts showing that Lorenzo Rubio, Sr. was an invitee of OLP Haskins (and in fact contradict any such allegation by alleging that Mr. Rubio was an employee and invitee of Toro and under Toro's supervision). Nor do Plaintiffs allege that Mr. Rubio entered the premises for the benefit of OLP Haskins or plead any facts showing how OLP Haskins was a "possessor of the premises." Perhaps most telling of all, Plaintiffs' Petition is devoid of any allegation or description of the specific condition on the premises that allegedly posed an unreasonable risk of harm.

21.     Second, Plaintiffs' Petition fails to articulate what specific independent duty of care OLP Haskins owed to Lorenzo Rubio, Sr. On the contrary, Plaintiffs admit in the Petition that Toro "had a non-delegable duty to provide a safe workplace to its employees." Exhibit A-1, Pet., Part IV. *See, e.g. Torres v. Trans Health Mgmt. Inc.,* 509 F. Supp. 2d 628, 632 (W.D. Tex.

2006) (finding that because "[t]he duty to use ordinary care in providing employees with a safe workplace is non-delegable," the plaintiff failed to allege his coworker "owed him an independent duty of care apart from the employer's duty").

22.     Finally, Texas law holds that a premises owner who leases the premises to another generally owes no duty to the tenant or its invitees. *Johnson Cty. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996).   There are three exceptions to the lessor no-duty rule as to the lessee's invitees, none of which apply here: (1) when the lessor negligently makes repairs to the premises; (2) when the lessor conceals defects in the premises of which it is aware; and (3) for injuries caused by defects that remain under the lessor's control. *Id*.   Here, Plaintiffs' premises liability claim against OLP Haskins should be dismissed because Plaintiffs failed to allege facts to support any of the exceptions to the no-duty rule. Nor is there any allegation of what the condition was that OLP Haskins supposedly knew of and failed to warn about.   For these reasons, Plaintiffs have failed to state a cause of action against OLP Haskins.[2]

23.     In light of the foregoing, the properly joined parties are of completely diverse citizenship.  Plaintiffs are citizens of Texas, Illinois, and New York for purposes of diversity, and the properly joined Defendants are citizens of Delaware, Minnesota, and Japan.   Removal is therefore proper under 28 U.S.C. §§ 1332(a)(1) and (2) and 1441(a).

---

[2]     As noted, the federal courts in their discretion may "pierce the pleadings" where a plaintiff has "omitted discrete facts" that would determine propriety of joinder and perform a summary-type analysis.  *Smallwood*, 385 F.3d at 573.  The omission of an explicit reference to the lease agreement for the premises is a discrete fact that would permit the court to consider the lease agreement and determine that there could be no recovery against OLP for premises liability. *See, e.g., Padilla v. Wal-Mart Stores Texas, LLC*, No. EP-19-CV-004-KC, 2019 WL 2565260, at *2 (W.D. Tex. Apr. 9, 2019) (piercing the pleadings to consider affidavit of manager who swore he had no independent involvement in incident occurring at a store he managed and finding improper joinder of the manager). If requested by the Court, Toro will provide the lease agreements for the premises.

**C.**     **The Amount in Controversy exceeds $75,000.00, Exclusive of Interest and Costs.**

24.     In order to be entitled to remove, the removing defendant must show that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

25.     This case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas.*, Co, 63 F.3d 1326, 1335 (5th Cir. 1995). In the present case, the Petition plainly states that Plaintiffs seek monetary relief of over $1,000,000.00. Exhibit A-1, Pet., Part IX. Accordingly, the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interest.

**D.**     **Removal Is Not Barred.**

26.     Removal of this action is not barred under 28 U.S.C. § 1445(c) because Plaintiffs' claims do not arise under the Texas Workers' Compensation Act ("TWCA") (and, notably, Plaintiffs do not allege that their claims arise under the TWCA).[3] *See Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916, 932 (N.D. Tex. 2018); *Kaspar v. Ryder Integrated Logistics, Inc.*, No. EP-20-CV-00245-RFC, 2020 WL 6741654, at *2 (W.D. Tex. Nov. 17, 2020) ("Plaintiff's claims for negligence against Defendant do not 'arise under' a workmen's compensation law of the state of Texas, and are thus not subject to remand. 28 U.S.C. § 1445(c)."). *See also Clifford v. Abell Elevator Int'l, Inc.,* No. EP-18-CV-00191-FM, 2018 WL 6220122, at *3 (W.D. Tex. Aug. 27, 2018) ("The TWCA limited an injured or deceased employee from suing outside of its

---

[3]     All of Plaintiffs' claims against Toro, except for gross negligence, are barred by the exclusive remedy provisions of the TWCA. *See* TEX. LAB. CODE ANN. § 408.001(a) and (b). Application of this affirmative defense, however, does not transform Plaintiffs' claims against Toro for ordinary negligence and premises liability into claims "arising under" the TWCA.

framework, with the notable exception of claims for gross negligence by the heirs of a deceased employee. As the Texas Constitution expressly recognized this right, the TWCA ensured it would continue to exist. The Fifth Circuit has also recognized this exception, writing that the Texas legislature has 'expressly exempted exemplary damages from the purview of the TWCA.'") (quoting *Bridges v Phillips Petroleum Co.*, 733 F.2d 1153, 1154 (5th Cir. 1984).

**E.     Removal is Timely.**

27.     Toro first received Plaintiffs' initial pleading setting forth their claim for relief upon which the State Court Action is based when Toro, though its counsel, was served with citation and a copy of Plaintiffs' Original Petition on November 11, 2021.  Thus, this Notice of Removal is timely filed within thirty (30) days after Toro was served with process of the State Court Action.  *See*  28 U.S.C. § 1446 (b)(1).

**F.     State Court Filings.**

28.     In accordance with 28 U.S.C. §1446(a), an index clearly identifying all process, pleadings and orders in the State Court Action and identifying the date each document was filed, is attached hereto as Exhibit "A," followed by a copy of each filed document.[4]

### III.     VENUE, NOTICES AND CONSENTS

29.     In accordance with 28 U.S.C. § 1441(a), this matter is being removed to the U.S. District Court for the Western District of Texas, El Paso Division, because this Court is the court for the district and division embracing the place where such action is pending, *i.e.*, El Paso County, Texas.  Accordingly, venue is proper in this district under 28 U.S.C. § 1441(a).

30.     Defendants will promptly file a copy of this notice of removal with the clerk of the state court in which the State Court Action is pending.  *See* 28 U.S.C. § 1446(d).  Further,

---

[4] Toro intends to file its Notice of Filing Notice of Removal in the State Court Action promptly following the filing of this Notice of Removal.

Defendant files contemporaneously herewith a civil cover sheet, a supplemental civil cover sheet and a corporate disclosure statement.

31.     Because OLP Haskins is improperly joined, its consent or joinder in removal is not required.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A) (A removing party must secure consent only of defendants who have been "properly joined").  However, OLP Haskins nonetheless consents to this removal.  *See* Exhibit B, Consent to Removal.

32.     Because TICO has not been properly served, its consent or joinder in removal is also not required.  28 U.S.C. § 1446(b)(2)(A) (A removing party must secure consent only of defendants who have been "properly . . . served").  However, TICO nonetheless consents to this removal.

## IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant The Toro Company, incorrectly named herein as The Toro Company d/b/a Toro Manufacturing Corporation, prays that this Court assumes full jurisdiction of this cause in accordance with 28 U.S.C. §§ 1332, and that further proceedings in the 120th District Court of El Paso County, Texas, be stayed, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: /s/ Kirk T. Florence
       **Kirk T. Florence**
       State Bar No. 07160900

**KILPATRICK, TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101
Email:        kflorence@kilpatricktownsend.com

**ATTORNEYS FOR DEFENDANT**
**THE TORO COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record via the court's electronic filing system on this 10th day of December 2021.

Salena Karam Ayoub
Attorney at Law
5900 Luckett Court
El Paso, TX  79932
Email:  skayoub@ska-law.com

*Counsel for Plaintiffs*

Soraya Yanar Hanshew
The Hanshew Law Firm, PLLC
632 Moondale Drive
El Paso, TX  79912
Email:  syhlaw@outlook.com

*Counsel for Plaintiffs*

/s/ Kirk T. Florence
Kirk T. Florence