# EXHIBIT A-1

| | | |
|---|---|---|
| GUILLERMINA RUBIO, Individually | § | |
| and on Behalf of the | § | |
| Estate of Lorenzo Rubio SR., | § | |
| Deceased; LORENZO RUBIO JR., | § | |
| LILLIANA RUBIO, and | § | |
| ELIZABETH RUBIO, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| THE TORO COMPANY d/b/a | § | |
| TORO MANUFACTURING | § | |
| CORPORATION, OLP HASKINS | § | |
| EL PASO TX LLC and | § | |
| TOYOTA INDUSTRIES | § | |
| CORPORATION A/K/A AND D/B/A | § | |
| THE RAYMONDCORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW GUILLERMINA RUBIO, Individually and on behalf of the Estate of LORENZO RUBIO SR., Deceased; LORENZO RUBIO JR., LILLIANA RUBIO, and ELIZABETH RUBIO (hereinafter referred to as "Plaintiffs"), complaining of THE TORO COMPANY d/b/a TORO MANUFACTURING CORPORATION (hereinafter "TORO"), OLP HASKINS EL PASO LLC (herein "OLP") and TOYOTA INDUSTRIES CORPORATION A/K/A and D/B/A THE RAYMOND CORPORATION (hereinafter "RAYMOND"), and for a cause of action would show the Court as follows:

I.

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

II.

Plaintiff GUILLERMINA RUBIO, Individually and on behalf of the Estate of Lorenzo Rubio Sr., is a resident of El Paso County, Texas.  The last three digits of her social security number are 576 and the last three digits of her Texas drivers license are 937.

Plaintiff LORENZO RUBIO JR. is a resident of Cook County, Illinois. The last three digits of his social security number are 186 and the last three digits of his Illinois driver's license are 246.

Plaintiff LILLIANA RUBIO is a resident of Travis County, Texas. The last three digits of her social security number are 574 and the last three digits of her Texas driver's license are 039.

Plaintiff ELIZABETH RUBIO is a resident of Rockland County, New York. The last three digits of her social security number are 493 and the last three digits of her New York driver's license are 645.

Defendant THE TORO COMPANY et al., is a Foreign For-Profit Corporation, doing business in El Paso County, Texas and may be served with process by serving its counsel, Kirk T. Florence, by agreement, or via its registered agent, NATIONAL REGISTERED AGENTS, INC., located at 1999 Bryant St., Ste. 900, Dallas, Texas 75201-3136.

Defendant OLP HASKINS EL PASO LLC is a domestic limited liability corporation, doing business in El Paso County, Texas and may be served with process by serving its registered agent C T Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

Defendant TOYOTA INDUSTRIES CORPORATION A/K/A and D/B/A THE RAYMOND CORPORATION, is a Foreign For-Profit Corporation, doing business in El Paso County, Texas and may be served with process by serving its counsel, Frank LoCoco, by agreement, or via its registered agent and/or its officer at 22 South Canal Street, Greene, New York

13778.

Defendant TORO, OLP, and RAYMOND   are collectively known herein as the "Defendants."

All or a substantial part of the events or omissions giving rise to this action took place in El Paso County, Texas.

The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

The Court has jurisdiction over Defendants because each respective Defendant was doing business in the State of Texas and RAYMOND sold a defective product from which this suit arises while doing business in the State of Texas.

Additionally, the Court has jurisdiction over Defendant RAYMOND because said Defendant was conducting business in the State of Texas in a continuous and systematic manner by marketing and/or selling its manufactured products in the State of Texas and selling its manufactured products through dealers and/or distributors in the State of Texas.

Venue is proper in El Paso County under Texas Civil Practice and Remedies Code section 15.002(a)(1), because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Because Plaintiffs' claims against all Defendants arise from the same occurrence or series of occurrences, venue is proper as to all Defendants under Texas Civil Practice and Remedies Code section 15.005.

III.

The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about November 12, 2019, in El Paso County, Texas. At such time,

LORENO RUBIO, SR. was employed by TORO as a forklift operator at TORO's El Paso, Texas location which operates out of a locale owned by OLP. LORENZO RUBIO, SR. was killed while working his shift at the TORO Distribution Center located at the 1400 block of Don Haskins Dr., El Paso, Texas (owned by OLP), while properly operating a RAYMOND stand-up forklift.  LORENZO RUBIO, SR. became pinned between the forklift he was operating and a storage rack, placed by TORO, therein severing his spine and ultimately causing his death.  Lorenzo Rubio Sr.'s body was not found by other employees of TORO until the following morning as the morning shift arrived, close to twelve hours after the incident occurred.

This is an action for damages instituted by Plaintiff GUILLERMINA RUBIO being the surviving spouse of LORENZO RUBIO SR., Deceased, and Plaintiffs LILLIANA RUBIO, LORENZO RUBIO, JR., and ELIZABETH RUBIO being the surviving children of LORENZO RUBIO, SR., Deceased, against Defendants, wherein Defendants are liable for monetary damages to Plaintiffs pursuant to common law and statutory negligence, gross negligence, wrongful death, premises liability, products liability, survivorship rights and punitive damages.

Defendant TORO's negligence and gross negligence proximately caused the death of LORENZO RUBIO, SR., resulting in Plaintiffs' damages. Defendant RAYMOND knew, or in the exercise of due care should have known, that the forklift manufactured by RAYMOND utilized by LORENZO RUBIO, SR. in the pursuit of his employment with TORO and upon the premises controlled by TORO and owned by OLP on the night of his death was unreasonably dangerous and defective, and its use would create a foreseeable and unreasonable risk of harm to users, including employees of its customers like LORENZO RUBIO, SR. The occurrence in

question caused substantial injuries, pain and suffering and eventual death of LORENZO RUBIO, SR., Deceased.

## IV. **TORO**

A. **Negligence**

Plaintiffs' damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant TORO:

1. Failing to provide a safe work place to LORENZO RUBIO, SR.;

2. Failing to safely educate, instruct and supervise in the performance of its employees' duties;

3. Failing to furnish property, safe, adequate, necessary and suitable tools, appliances and equipment;

4. Failing to supervise or provide adequate supervision;

5. Allowing a negligent activity or dangerous condition on the premises;

6. Other acts of negligence.

Defendant TORO's wrongful, negligent and grossly negligent actions and carelessness were the cause of LORENZO RUBIO, SR.'s death.  TORO placed LORENZO RUBIO, SR. in an extreme degree of risk, considering the probability and magnitude of the potential harm to others to include LORENZO RUBIO, SR. TORO had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

TORO owed a duty to LORENZO RUBIO, SR.  TORO owed a degree of reasonable care to LORENZO RUBIO, SR. Under Texas law, Defendant TORO had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103). Defendant failed to

ensure a safe workplace for LORENZO RUBIO, SR.  Plaintiffs allege that the accident and death of LORENZO RUBIO, SR. were proximately caused by the negligence and gross negligence of Defendants. Defendant TORO knew or should have known of the dangers associated with allowing employees to operate a forklift without any other employees around and failed to supervise, manage, or prevent injuries that could occur.  TORO failed to adequately train and supervise its employees to prevent the dangers such as the one which led to LORENZO RUBIO, SR.'s death.

Plaintiffs would show that Defendant TORO had control over the safety of TORO and its employees and made little, no or inadequate safety policies for the protection of LORENZO RUBIO, SR. and other workers to prevent injury from recognized hazards on the premises, such as the one that led to LORENZO RUBIO, SR.'s untimely and heinous death.  Plaintiffs allege that the injuries and damages they have suffered were proximately caused by the negligence of Defendants.

LORENZO RUBIO, SR., as an employee of TORO, was an invitee of TORO on TORO's premises. While upon Defendant TORO's premises, LORENZO RUBIO, SR. suffered bodily injuries proximately caused by a negligent activity and/or a dangerous condition or defect on the premises which Defendant TORO knew of or, in the exercise of ordinary care, should have known existed. Defendant TORO permitted large, dangerous and defective machinery to be operated by its employees with absolutely no supervision and in complete isolation.

Defendant TORO, its agents, servants and employees knew, or in the exercise of ordinary care, should have known that employees operating forklifts with no one else around in an unsafe environment, and using a forklift that lacked adequate safety measures posed an unreasonable risk and a dangerous condition that would likely result in injury and death and

did in fact result in injury and death in the case of LORENZO RUBIO, SR.  LORENZO RUBIO, SR. was alone when he was operating a stand-up forklift, suffered a significant injury and was not found until almost 12 hours later because he was left alone and never checked on during his shift.  Defendant TORO breached its duty of care to LORENZO RUBIO, SR. Defendant TORO had a duty to inspect the premises and duty to warn its employees of the unsafe and dangerous condition and make the use of the forklift at the premises safe. Defendant TORO's actions and total disregard for the safety of its employees were grossly negligent, leading to LORENZO RUBIO, SR.'s injury and eventual death.

B. **Premises Liability**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, while upon Defendant TORO's premises and in the control of Defendant TORO, LORENZO RUBIO, SR., suffered bodily injuries resulting in his untimely death as a direct result of a dangerous or defective condition or dangerous or negligent activity on the premises, which Defendant TORO knew, or in the exercise of ordinary care, should have known existed.  Defendant breached its duty of ordinary care by 1) failing to adequately warn LORENZO RUBIO, SR., of the condition, or 2) failing to make the condition reasonably safe.

Defendant TORO had ultimate control over the inspection, maintenance, and safety of the premises.  Defendant TORO failed to implement and maintain frequent inspections and safety policies in order to adequately warn and prevent injuries from recognized hazards to its employees, including LORENZO RUBIO, SR.

Plaintiffs further allege that Defendant TORO, its agents, servants and employees

negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn LORENZO RUBIO, SR., of the condition of the premises, despite the fact that Defendant knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to LORENZO RUBIO, SR.   Defendant's failure and breach of duty proximately caused Plaintiffs' damages.

## V.  **RAYMOND CORP.**

### A. **Negligence**

Defendant RAYMOND was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, market, package, distribute, and sell its forklift in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the product, including LORENZO RUBIO, SR.

Defendant RAYMOND breached its duty of reasonable care owed to LORENZO RUBIO, SR. and therein Plaintiffs in one or more of the following ways:

a.  Failing to design, manufacture, distribute, market and sell the forklift in question in such a manner that it would not create an underride danger and unreasonably endanger its users;

b.  Failing to design, manufacture, distribute, market and sell the FORKLIFT in question in a condition that would allow it to operate as safely as a reasonable consumer would expect;

c.  Failing to provide reasonable and adequate warnings to suppliers, purchasers and users of the forklift in question to alert users of the dangerous conditions described herein;

   d.   Failing to properly test the forklift in question;

   e.   Failing to adopt and/or implement proper quality control procedures;

   f.   Failing to hire employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures;

   g.   Failing to train employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures;

   h.   Failing to monitor employees in the proper manufacture, assembly, inspection, testing, and/or quality control procedures;

   i.   Selling the forklift in question that was defective, unreasonably dangerous, and unfit for consumer use; and otherwise failing to exercise ordinary care in discharging their duties as manufacturers and/or sellers of consumer products to the general public.

Defendant RAYMOND manufactured the forklift that LORENZO RUBIO, SR. was operating at the time of his death.  Defendant RAYMOND failed to include adequate safety measures to protect operators while using the forklift.

Defendant RAYMOND is liable to Plaintiffs for the wrongful death of LORENZO RUBIO, SR. in that it designed, manufactured, produced and marketed a standup forklift with a defect which was the producing cause of the injury and death of LORENZO RUBIO, SR. Defendant RAYMOND's negligent acts and/or omissions were the proximate cause of Plaintiffs' damages.

B. **Strict Liability for Manufacturing Defect**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, at all times relevant, Defendant

RAYMOND was engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling and/or otherwise intentionally placing machinery into the stream of commerce and directing such products to Texas, including the forklift involved in the injury of LORENZO RUBIO, SR.

Specifically, the forklift involved in the death of LORENZO RUBIO, SR., was in an unreasonably dangerous condition as designed, manufactured, marketed, assembled, and/or placed into the stream of commerce by Defendant RAYMOND, and was a producing cause of the occurrence and injuries sustained by Plaintiffs made the basis of this suit.  When leaving Defendant RAYMOND's possession, the forklift deviated in its construction or quality from its specifications or planned output, rendering it unreasonably dangerous for its users.  Defendant RAYMOND is strictly liable in tort and Plaintiffs hereby invoke the doctrine of strict liability.

Alternatively, and without waiving the foregoing, Defendant RAYMOND issued no or inadequate warnings or instructions to potential users of the forklift.  LORENZO RUBIO, SR. was injured and ultimately killed using the forklift in a manner in which it was intended by Defendant RAYMOND.

C. **Strict Liability for Design Defect**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, at all times relevant, Defendant RAYMOND was engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling and/or otherwise intentionally placing machinery into the stream of commerce and directing such products to Texas, including the forklift involved

in the injury of LORENZO RUBIO, SR.

Specifically, the forklift involved in the death of LORENZO RUBIO, SR., was in an unreasonably dangerous condition as designed, manufactured, marketed, assembled, and/or placed into the stream of commerce by Defendant RAYMOND, and was a producing cause of the occurrence and injuries sustained by Plaintiffs made the basis of this suit. Defendant RAYMOND failed to utilize an economically and technologically feasible, safer alternative design to prevent or significantly reduce the risk of injury. Defendant RAYMOND is strictly liable in tort and Plaintiffs hereby invoke the doctrine of strict liability.

Alternatively, and without waiving the foregoing, Defendant RAYMOND issued no or inadequate warnings or instructions to potential users of the forklift. LORENZO RUBIO, SR. was injured and ultimately killed using the forklift in a manner in which it was intended by Defendant RAYMOND.

D. **Strict Liability for Marketing Defect**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, at all times relevant, Defendant RAYMOND was engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling and/or otherwise intentionally placing machinery into the stream of commerce and directing such products to Texas, including the forklift involved in the injury of LORENZO RUBIO, SR.

At the time the forklift in question was designed, manufactured, marketed, assembled, distributed, sold and/or placed into the stream of commerce by Defendant

RAYMOND, the forklift contained an inherent risk of harm that could arise from intended or reasonably anticipated use and/or handling. Defendant knew or should have reasonably foreseen the risk of harm at the time the forklift was marketed. The absence of proper and adequate warnings and/or instructions rendered the forklift defective and unreasonably dangerous.

Defendant RAYMOND's failure to warn and/or instruct was the direct and producing cause of substantial injuries and damages to Plaintiffs.

E. **Breach of Express Warranty**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, Defendant RAYMOND expressly warranted that the forklift was safe and effective for its intended and/or reasonably foreseeable use.

The forklift failed to conform to these express warranties as it caused and continues to cause serious injury to its users when used as intended and/or in a reasonably foreseeable manner.

LORENZO RUBIO, SR., as an intended user of the forklift, relied on the express warranties by Defendant RAYMOND in using the forklift.

As a direct and proximate result of the breach of the express warranties by Defendant RAYMOND, Plaintiffs suffered injuries as a result of the death of LORENZO RUBIO, SR. The breach of express warranties was a substantial factor in causing the injuries to Plaintiffs as described herein.

F. **Breach of Implied Warranty**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, Defendant RAYMOND is engaged in the business of designing, manufacturing, marketing, distributing, assembling and/or selling forklifts and other machinery to the public, including the forklift involved in the death of LORENZO RUBIO, SR.

Defendant RAYMOND warranted that the forklift which injured and ultimately caused the death of LORENZO RUBIO, SR., as good and fit for the ordinary purpose for which forklifts are used.  The forklift was in fact not fit for such purposes.  Defendant RAYMOND, therefore, breached the implied warranty of merchantability.

In Texas, the implied warranty of merchantability is extended to any person who may be reasonably expected to use or be affected by the goods.  The unmerchantability of the forklift directly and proximately caused the death of LORENZO RUBIO, SR., and Plaintiffs' other substantial injuries and damages.

## VI. **OLP HASKINS EL PASO TX LLC**

A. **Premises Liability**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

Alternatively, and without waiving the foregoing, while upon Defendant OLP'S premises, LORENZO RUBIO, SR., suffered bodily injuries resulting in his untimely death as a direct result of a dangerous or defective condition or dangerous or negligent activity on the premises, which Defendant OLP knew, or in the exercise of ordinary care, should have known

existed.   Defendant breached its duty of ordinary care by 1) failing to adequately warn LORENZO RUBIO, SR., of the condition, or 2) failing to make the condition reasonably safe.

Defendant OLP had ultimate control over the inspection, maintenance, and safety of the premises.  Defendant OLP failed to implement and maintain frequent inspections and safety policies in order to adequately warn and prevent injuries from recognized hazards to TORO employees on its premises, including LORENZO RUBIO, SR.

Plaintiffs further allege that Defendant OLP, its agents, servants and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn LORENZO RUBIO, SR., of the condition of the premises, despite the fact that Defendant knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to LORENZO RUBIO, SR.   Defendant's failure and breach of duty proximately caused Plaintiffs' damages.

## VII. **Respondeat Superior**

Plaintiffs refer to each and every preceding paragraph and incorporate those paragraphs as though fully stated herein.

At all relevant times, all agents, servants and/or employees of Defendants TORO, OLP and RAYMOND were acting within the course and scope of employment and/or official duties. Furthermore, at all relevant times, all agents, servants, and/or employees of Defendants were acting in furtherance of the duties of their office and/or employment.  Therefore, Defendants TORO, OLP and RAYMOND are responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the doctrine of Respondeat Superior.

VIII.

As a direct result of the occurrence and as a result of the wrongful death of LORENZO RUBIO, SR., Plaintiffs have sustained injuries and damages.   Plaintiff GUILLERMINA RUBIO has sustained injuries and damages as a result of the wrongful death of her husband, including, but not limited to:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice counsel, guidance and reasonable contributions of pecuniary value in the past and future;

(b) Loss of her husband's companionship, love, affection, advice, counsel, care, consortium, comfort, protection, services and attention in the past and future;

(c) Loss of inheritance, gifts, benefits, and other valuable gratuities in the past and future;

(d) Loss of household services in the past and future;

(e) Mental anguish in the past and future;

(f) Economic damages and losses including medical and counseling expenses in the past and future.

(g) Loss of her husband's financial support in the past and future;

(h) Pain and suffering and emotional distress in the past and future;

(i) Other damages.

By reason of the foregoing, Plaintiff GUILLERMINA RUBIO has been damaged in an amount within the jurisdictional limits of the Court.

LORENZO RUBIO, SR., and his estate have sustained injuries and damages as a result of the wrongful death of LORENZO RUBIO, SR., including, but not limited to:

(a) Conscious pain, suffering and excruciating physical agony prior to death;

(b) Other damages.

By reason of the foregoing, LORENZO RUBIO, SR., and his estate have been damaged in an amount within the jurisdictional limits of the Court.

Plaintiffs LORENZO RUBIO, JR., LILLIANA RUBIO and ELIZABETH RUBIO have sustained injuries and damages as a result of the wrongful death of their father, including, but not limited to:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice counsel, guidance and reasonable contributions of pecuniary value in the past and future;

(b) Loss of their father's, love, affection, advice, counsel, care, comfort, protection, services, attention and companionship in the past and future;

(c) Mental anguish in the past and future;

(d) Loss of parental consortium in the past and future;

(e) Loss of household services in the past and future;

(f) Loss of inheritance, gifts, benefits, and other valuable gratuities in the past and future;

(g) Other damages.

By reason of the foregoing, Plaintiffs LORENZO RUBIO, JR., LILLIANA RUBIO, and ELIZABETH RUBIO have been damaged in an amount within the jurisdictional limits of the Court.

IX.

Defendants committed acts and/or omissions, as described herein, which collectively

and severally constituted gross negligence and proximately caused Plaintiffs' injuries and damages. Due to Defendants' gross negligence, Plaintiffs are entitled to punitive damages. Defendants' acts or omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Plaintiffs are entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, heedless and intentional conduct.

Plaintiffs have suffered damages within the jurisdictional limits of the Court.

Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiffs' future damages are still being determined. Plaintiffs have suffered damages within the jurisdictional limits of this Court and request monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which the jury deems Plaintiffs are entitled.

## X.

Plaintiffs respectfully request a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants, for all relief requested, for costs, pre-judgment and for such other relief, general and special, at law or in equity, to which Plaintiffs are entitled.

Respectfully Submitted,

**Salena Karam Ayoub**
Attorney at Law
5900 Luckett Ct.
El Paso, Texas  79932
(915) 581-2100
(915) 581-2060 (Fax)
skayoub@ska-law.com


By: _____/s/ Salena K. Ayoub_____
        Salena K. Ayoub
        State Bar No. 24036166
        Attorney for Plaintiffs


                **THE HANSHEW LAW FIRM, PLLC**
**By:**

        The Hanshew Law Firm, PLLC
        **Soraya Yanar Hanshew, Esq.**
        632 Moondale Dr.
        El Paso, Texas  79912
        syhlaw@outlook.com
        (915) 491-6181 Telephone
        (915) 996-9907 Facsimile


        SORAYA YANAR HANSHEW
        State Bar No. 24047151

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Soraya Yanar Hanshew
Bar No. 24047151
syhlaw@outlook.com
Envelope ID: 58921170
Status as of 11/10/2021 4:45 PM MST

Associated Case Party: LORENZO   RUBIO JR.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Salena  Karam Ayoub | | skayoub@ska-law.com | 11/5/2021 4:29:17 PM | SENT |
| Soraya Yanar Hanshew | | syhlaw@outlook.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: TOYOTA INDUSTRIES CORPORATION A/K/A and D/B/A THE RAYMOND CORPORATION,

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| FRANK LOCOCO | | frank.lococo@huschblackwell.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: GUILLERMINA  RUBIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Salena  Karam Ayoub | | skayoub@ska-law.com | 11/5/2021 4:29:17 PM | SENT |
| Soraya Yanar Hanshew | | syhlaw@outlook.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: OLP HASKINS EL PASO LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| C T  Corporation System | | info@ctadvantage.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: THE TORO COMPANY d/b/a  TORO MANUFACTURING CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kirk  T. Florence | | kflorence@kilpatricktownsend.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: ELIZABETH  RUBIO

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Soraya Yanar Hanshew
Bar No. 24047151
syhlaw@outlook.com
Envelope ID: 58921170
Status as of 11/10/2021 4:45 PM MST

Associated Case Party: ELIZABETH  RUBIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Salena  Karam Ayoub | | skayoub@ska-law.com | 11/5/2021 4:29:17 PM | SENT |
| Soraya Yanar Hanshew | | syhlaw@outlook.com | 11/5/2021 4:29:17 PM | SENT |

Associated Case Party: LILLIANA  RUBIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Salena  Karam Ayoub | | skayoub@ska-law.com | 11/5/2021 4:29:17 PM | SENT |
| Soraya Yanar Hanshew | | syhlaw@outlook.com | 11/5/2021 4:29:17 PM | SENT |