## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **GUILLERMINA RUBIO**, *Individually and on Behalf of the Estate of Lorenzo Rubio, Sr., Deceased*, **LORENZO RUBIO, JR., LILLIANA RUBIO, and ELIZABETH RUBIO**, | § § § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § | **EP-21-CV-00304-DCG** |
| | § | |
| **THE TORO COMPANY d/b/a TORO MANUFACTURING CORPORATION, OLP HASKINS EL PASO TX, LLC, and TOYOTA INDUSTRIES CORPORATION a/k/a and d/b/a THE RAYMOND CORPORATION,** | § § § § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiffs Guillermina Rubio, Lorenzo Rubio Jr., Lilliana

Rubio, and Elizabeth Rubio's "Motion for Remand to State Court" (ECF No. 6). For the reasons

that follow, the Court grants Plaintiffs' request for remand.

## I.   BACKGROUND

Lorenzo Rubio Sr. was employed by Defendant The Toro Company d/b/a Toro

Manufacturing Corporation (hereinafter "Toro") as a forklift operator.[1] On November 12, 2019,

Rubio Sr. was working on a night shift at Toro's distribution center located in El Paso, Texas, at

a premises owned by Defendant OLP Haskins El Paso LLC (hereinafter "OLP").[2] He was

---

[1] Pls.' Original Pet. at 5, ECF No. 1-2. The petition's pages were not numbered by its author, so, the Court's citations to the petition refer to the page numbers imprinted by the Court's Case Management and Electronic Case Filing system at the top of the petition's pages.

[2] *Id.*

operating a stand-up forklift manufactured by The Raymond Corporation (hereinafter "Raymond").[3]  He became pinned between the forklift and a storage rack, which severed his spine and ultimately caused his death; more than twelve hours later, during the next morning shift, other Toro employees found his body.[4]

On November 5, 2021, Plaintiffs initiated this lawsuit in the 120th District Court of El Paso County, Texas, in Cause No. 2021DCV3930, styled as *Guillermina Rubio, Individually and on Behalf of the Estate of Lorenzo Rubio, Sr., Toro Manufacturing Corporation, OLP Haskins El Paso TX, LLC and Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation*. Plaintiff Guillermina Rubio is the surviving spouse of Rubio Sr., and the remaining plaintiffs are the surviving children of Rubio Sr.  The named defendants are Toro, OLP, and "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation."  Plaintiffs assert claims, *inter alia*, for negligence, premises liability, and product liability.  They seek monetary relief over $1,000,000.

On December 10, 2021, Toro removed the case to federal court, invoking diversity-of-citizenship jurisdiction.  *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).  On January 10, 2022, Plaintiffs filed the instant remand motion.  The parties' briefing on the motion was completed by February 14, 2022.

## II.   DISCUSSION

As grounds for remand, Plaintiffs argue that this Court lacks subject matter jurisdiction over the case because complete diversity is lacking.  The removal statutes provide that any civil action brought in a state court of which the district courts of the United States have "original

---

[3] Mot. for Remand, Ex. B, ECF No. 6-2.

[4] Original Pet. at 5.

jurisdiction" may be removed by a defendant to the federal district court embracing the place where such action is pending. 28 U.S.C. §1441(a). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting § 1332(a)(1)). The statutory phrase "between . . . citizens of different States" requires "complete diversity between all plaintiffs and all defendants." *Id.*

Specifically, Plaintiffs argue that the parties are not diverse in two respects. In one respect, which the Court addresses here, they argue, Plaintiff Elizabeth Rubio and Defendant "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation" are not diverse; Toro disputes that. According to Toro's notice of removal, Elizabeth Rubio is a citizen of New York. Notice of Removal at 3, ECF No. 1.[5] The parties' dispute centers on who the party named as "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation" is.

---

[5] In response to the remand motion, Toro, for the first time, seems to question Elizabeth Rubio's citizenship. It complains that Plaintiffs primarily use the word "residency" rather than "citizenship" when discussing jurisdictional facts in their pleadings, and that "[t]o the extent Plaintiffs rely on the 'residence' of the parties, their analysis is flawed under the law of the Fifth Circuit." Resp. to Mot. for Remand at 3 n.2. There are two issues with this belated argument. First, it is Toro's, not Plaintiffs', burden to establish citizenship for diversity jurisdiction purposes. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("The party seeking to remove bears the burden of showing that federal jurisdiction exists."); *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) ("While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper."). Second, Toro's statement in its notice of removal—that "Plaintiff Elizabeth Rubio is a citizen of Rockland County, New York"—is a judicial admission.

Plaintiffs' state-court petition alleges that Elizabeth Rubio is a resident of Rockland County, New York, and has a New York driver's license. Such allegation, in light of Toro's judicial admission, is sufficient to conclude that Elizabeth Rubio is a New York citizen for purposes of diversity jurisdiction. *See Hollinger v. Home State Mut. Ins*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007) ("In the context of diversity jurisdiction, once a person establishes his domicile in a particular state, he simultaneously establishes his citizenship in the same state.").

Their briefs make clear that Raymond and Toyota Industries Corporation (hereinafter, Toyota) are two separate, though related, entities. Toyota is a citizen of Japan as it is incorporated under the laws of Japan and its principal place of business is located at 2-1, Toyoda-cho, Kariya-shi, Aichi 448-8671 Japan. *Id.* at 4. Raymond, on the other hand, is a citizen of New York as its principal place of business is located at 22 South Canal Street, Greene, New York. Mot. for Remand at 2–3; *see also id.*, Ex. A, ECF No. 6-1;[6] *see also* 28 U.S.C. § 1332(c)(1) (providing that for jurisdictional purposes, a corporation is considered both a citizen of the state in which it is incorporated and a citizen in which it has its principal place of business). So, if Defendant "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation" is Raymond (Plaintiffs' position), then that defendant and Elizabeth Rubio are not diverse because both are citizens of New York; if, however, it is Toyota (Toro's position), they are diverse.

Plaintiffs argue that it is a case of "misnomer." Mot. for Remand at 9. They explain that they sued Raymond but partially misnamed Raymond as "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation" because Raymond's website states that Raymond is "a Toyota Industries Corp. company."[7] *Id.* at 9 & n.12 (quoting Raymond's website). They point out that Raymond's website further states that Green, New York, has been "home to our corporate office and main manufacturing facility" for 100 years. *Id.* at 9 (same). They effected

___

[6] In its response to the remand motion, Toro does not address, much less dispute, Plaintiffs' assertions that Raymond's principal place of business is at 22 South Canal Street, Greene, New York, and that Raymond is a citizen of New York.

[7] Upon removal, on January 10, 2022, Plaintiffs have filed a "Motion for Leave to File First Amended Complaint" (ECF No. 7) to "solely amend to identify Defendant Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation accurately as The Raymond Corporation." (Capitalization omitted). The leave motion remains pending.

service of process, on November 29, 2021, at 22 South Canal Street, Greene, New York.  *See id.*,
Ex. C, ECF No. 6-3.

Toro counters that it is a case of "misidentification," rather than "misnomer."  Resp. to
Mot. for Remand at 9, ECF No. 15.  It maintains that Plaintiffs sued a wrong defendant—that is,
they sued Toyota—and on that basis, it removed the case to federal court.  *Id.*

In removed cases, on the question of who the proper party is for diversity-of-citizenship
purposes, the Fifth Circuit has looked to state law.  *See, e.g.*, *Valencia v. Allstate Tex. Lloyd's*,
976 F.3d 593, 597 (5th Cir. 2020) (discussing misnomer-misidentification doctrine).  Under
Texas law, *misnomer* "arises when a party misnames . . . another party, but the correct parties are
involved."  *Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373,
376 (Tex. 2012) (internal quotes omitted).  In contrast, *misidentification* "arises when two
separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar
to that of the correct entity."  *Id.* (same).  Texas courts are "flexible" in misnomer cases, as
opposed to in misidentification cases.  *In re Greater Houston Orthopaedic Specialists, Inc.*, 295
S.W.3d 323, 325–26 (Tex. 2009).

Although the misnomer-misidentification doctrine is most frequently applied in the
context of statute of limitations, *see, e.g.*, *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999); *Price
v. Anderson's Est.*, 522 S.W.2d 690 (Tex. 1975), Texas courts have applied it in other contexts,
*see, e.g.*, *In re Greater Houston Orthopaedic Specialists*, 295 S.W.3d at 325–26 (validity of a
notice of nonsuit); *Chen v. Breckenridge Ests. Homeowners Ass'n, Inc.*, 227 S.W.3d 419, 421
(Tex. App.—Dallas 2007, no pet.) (validity of an order to enforce summary judgment); *Sheldon
v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 703 (Tex. App.—Fort Worth 2001, no
pet.) (validity of a judgment).

More pertinent to this case is the application of the doctrine in *Dezso v. Harwood*, 926 S.W.2d 371, 373 (Tex. App.—Austin 1996, writ denied).  There, Elsie Dezso, the defendant, owned and operated Judi's Cupboard, Inc., also doing business as Judi's Card and Gift Shop. *Dezso*, 926 S.W.2d at 372.  Her son owned a separate business named Christian Symbols, and his wife Judi Dezso had no connection with Elsie Dezso's businesses.  *Id.* at 372–73.  Because Elsie Dezso's businesses were called "Judi's Cupboard" and "Judi's Card and Gift Shop," the plaintiff mistakenly believed that the appropriate defendant was named Judi Dezso, when in fact her name was Elsie Dezso.  *Id.* at 373.  His petition referred to Elsie Dezso as Judi Dezso, and a citation was issued to "Dezso, Judi Individually and DBA Judi's Cupboard DBA Judi's Card & Gift Shop & DBA Christian Symbols" without mention of Elsie Dezso.  *Id.* at 373.  Elsie Dezso was served with the citation and the petition, but she did not respond to the citation.  *Id.*  The plaintiff obtained a default judgment against her; the judgment referred to Elsie Dezso as "Judi Dezso, also known as Elsie Dezso, individually and doing business as Christian Symbols, Judi's Cupboard and Judi's Card and Gift Shop."  *Id.*

On a writ of error, Elsie Dezso argued that the trial court erred in rendering the default judgment because she was not a party to the suit, *id.* at 372, and in turn because her name did not appear on the citation, *id.* at 373.  The appellate court disagreed.  It found that although the citation did not refer to Elsie Dezso by her correct name, she was the intended defendant, she had adequate notice that she had been sued, and that she could not have been misled into believing that her daughter-in-law was instead the intended defendant.  *Id.* at 374.  In so finding, the court relied on the following factors: her corporation's names were on the citation; the petition expressly set out the plaintiff's complaints about his dealings with Elsie Dezso, her son, and the related businesses; she knew that Judi Dezso was not in any way involved in the business

dealings with the plaintiff; and she testified that "since [her] store's name is Judi, a lot of people will call [her] Judi because they think it is [her] name." *Id.* The court concluded that Elsie Dezso was "a party to the suit," she was property served, and the trial court had proper jurisdiction over her to enter the default judgment. *Id.*

Here, the record reflects that a few days after Rubio Sr.'s death, Raymond was informed that the forklift involved in the fatal incident was manufactured by Raymond. Mot. for Remand, Ex. B.[8] Raymond's name was on both the citation and the petition. Plaintiff served the citation and the petition at Raymond's principal place of business at 22 South Canal Street, Greene, New York. *Id.*, Ex. C. The record also reflects that Toyota is not registered to do business in New York at all and has no registered agent or officer at 22 South Canal Street, Greene, New York, *see* Toyota's Mot. for Dismiss for Insufficient Serv. of Process at 2, ECF No. 12—a fact of which Raymond, who holds itself out as a Toyota company, was surely aware. From these facts alone, Raymond should have logically concluded that it, not Toyota, had been sued.[9]

Moreover, although Plaintiffs' petition mentions "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation" in its style of the case and introductory paragraph, it refers to it by "RAYMOND" in the remainder. *See* Original Pet. at 1 (" . . . TOYOTA INDUSTRIES CORPORATION A/K/A and D/B/A THE RAYMOND CORPORATION (hereinafter "RAYMOND") . . . ."). Importantly, the subsection of the petition which lists Plaintiffs' product liability claims is captioned as "V. RAYMOND CORP." (not simply as RAYMOND) and states

---

[8] In a letter dated November 18, 2019, Toro's counsel informed Raymond's inhouse counsel about the fatal incident and provided information about the forklift: that it was manufactured by Raymond and the forklift's model and serial numbers.

[9] Raymond has not appeared before this Court or state court. Therefore, the Court does not have the benefit of Raymond's arguments.

that "Defendant RAYMOND manufactured the forklift that LORENZO RUBIO, SR. was operating at the time of his death." *Id.* at 9–10.

To be sure, the petition also alleges that "RAYMOND" is a "Foreign For-Profit Corporation," Original Pet. at 2, and such allegation could lead to an inference that Toyota, not Reymond, is the intended defendant. Nevertheless, under a totality of circumstances, the Court finds that Raymond is the intended defendant, it was on notice that it had been sued, and it could not have been misled into believing that it was not a defendant in this lawsuit. Accordingly, the Court concludes that Raymond is a party to the suit. *See Reddy P'ship*, 370 S.W.3d at 376 ("When the correct party . . . is sued under the incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error." (internal quotes omitted)); *Adams v. Consol. Underwriters*, 133 Tex. 26, 30 (1939) ("[A] suit against a corporation by a wrong corporate name is still a suit against such corporation."). Consequently, complete diversity is lacking since both Raymond and Elizabeth Rubio are citizens of New York.

Toro's reliance on *Gunter v. Formcraft Holdings*, No. A-07-CA-967 LY, 2008 WL 11333776 (W.D. Tex. Mar. 7, 2008), is of no avail. There, in his state court petition, the plaintiff named "Formcraft Holdings, AKA Relizon Ltd. LLP, AKA WorkflowOne" as a defendant. *Id.* at *1. In moving for remand, the plaintiff argued that there was not complete diversity among the parties because WorkflowOne's principal place of business was located in Texas. *Id.* The court found that WorkflowOne's principal place of business was located instead in Ohio, and that WorkflowOne was a citizen of Ohio for diversity purposes. *Id.* at *3. The court then went on to determine the citizenship of "the other entity Plaintiff has listed as an 'AKA' in his complaint (Relizon (Texas) Ltd., L.L.P.)." *Id.* The court concluded that "for diversity purposes,

Relizon Texas, Ltd., LLP, is not a citizen of Texas, and *to the extent that it is considered to be a party* to this case, complete diversity still exists between all parties." *Id.* (emphasis added).

*Gunter* thus stands for the proposition that where multiple entities are named as a defendant with "aka," a court should consider citizenship of each entity to determine whether complete diversity exists.  Here, Toyota and Raymond are listed as a defendant with "aka." Following *Gunter*, therefore, the Court should inquire into Raymond's citizenship (as much as Toyota's).  As mentioned, Raymond is a citizen of New York.  Therefore, complete diversity is lacking insofar as Elizabeth Rubio is also a citizen of New York.

In sum, the Court concludes that Plaintiffs' request for remand the case must be granted. Plaintiffs also request attorney's fees, pursuant to 28 U.S.C. § 1447(c), on the grounds that Toro's basis for removal was not objectively reasonable.[10]  The Court denies the fee request because, as mentioned, Plaintiffs' petition does contain certain allegation that could give rise to an inference (though a weak one) that Toyota, not Reymond, was the intended defendant.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.").

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' "Motion for Remand to State Court" (ECF No. 6) is **GRANTED IN PART and DENIED IN PART**.  The motion is granted as to Plaintiffs' request for remand and denied as to all other requests.

---

[10] *See*  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

**IT IS THEREFORE ORDERED** that the above-captioned cause is **REMANDED** to the 120th District Court of El Paso County, Texas.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this matter.

**So ORDERED and SIGNED this _25th_ day of February 2022.**

**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**